Scott A. Kronland (SBN 171693)
Corinne F. Johnson (SBN 287385)
Jonathan Rosenthal (SBN 329638)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel. (415) 421-7151
Fax (415) 362-8064
skronland@altber.com
cjohnson@altber.com
jrosenthal@altber.com

Mario Martínez (SBN 200721)
Edgar Iván Aguilasocho (SBN 285567)
MARTÍNEZ AGUILASOCHO LAW, INC.
900 Truxtun Ave, Suite 300
Bakersfield, CA 93301
Tel. (661) 859-1174
Fax (661) 840-6154
mmartinez@farmworkerlaw.com
eaguilasocho@farmworkerlaw.com

*Attorneys for Proposed Intervenor
United Farm Workers of America*

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| WONDERFUL NURSERIES LLC,<br><br>　　Plaintiff,<br><br>　v.<br><br>AGRICULTURAL LABOR RELATIONS BOARD, et al.,<br><br>　　Defendants;<br><br>UNITED FARM WORKERS OF AMERICA,<br><br>　　[Proposed] Intervenor-Defendant. | Case No. 1:24-cv-01601-KES-CDB<br><br>**UNITED FARM WORKERS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE**<br><br>Date: March 3, 2025<br>Time: 1:30 pm<br>Place: Courtroom 6, 7th floor<br>Judge: Hon. Kirk E. Sherriff<br><br>Action Filed:　December 30, 2024<br>Trial Date:　　None |

MEMORANDUM ISO MOTION TO INTERVENE, #1:24-cv-01601-KES-CDB

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ............................................................................................................................... 1

BACKGROUND ................................................................................................................................. 2

    1.    Certification of UFW as bargaining representative ................................................. 2

    2.    Referral to MMC ..................................................................................................... 2

    3.    The Company's lawsuit. .......................................................................................... 3

ARGUMENT ....................................................................................................................................... 3

    I.    UFW is entitled to intervene as of right. ................................................................. 3

        A.    UFW's motion is timely. ............................................................................. 4

        B.    UFW has a "significantly protectable" interest in the action ..................... 4

        C.    The disposition of this action may impair UFW's interests. ...................... 5

        D.    The ALRB defendants may not adequately represent UFW's interests. ...... 5

    II.    Alternatively, UFW should be granted permissive intervention. ............................ 8

CONCLUSION .................................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Air Conditioning Trade Ass'n v. Baker*,
  2012 WL 3205422 (E.D. Cal. July 31, 2012) .................................................................... 6, 8

*Alameda Newspapers, Inc. v. City of Oakland*,
  95 F.3d 1406 (9th Cir. 1996) ................................................................................................ 7

*Allied Concrete & Supply Co. v. Baker*,
  904 F.3d 1053 (9th Cir. 2018) ........................................................................................... 5, 6

*Associated Builders & Contractors of S. Cal., Inc. v. Nunn*,
  356 F.3d 979 (9th Cir. 2004) ................................................................................................ 7

*Barke v. Banks*,
  2020 WL 2315857 (C.D. Cal. May 7, 2020) .................................................................... 6, 8

*Californians for Safe and Competitive Dump Truck Transportation v. Mendonca*,
  152 F.3d 1184 (9th Cir. 1998) .............................................................................................. 6

*Callahan v. Brookdale Senior Living Communities, Inc.*,
  42 F.4th 1013 (9th Cir. 2022) ........................................................................................... 8, 9

*Cascade Natural Gas Corp. v. El Paso Natural Gas Co.*,
  386 U.S. 129 (1967) .............................................................................................................. 4

*Citizens for Balanced Use v. Montana Wilderness Ass'n*,
  647 F.3d 893 (9th Cir. 2011) ................................................................................................ 4

*Emp. Staffing Servs., Inc. v. Aubry*,
  20 F.3d 1038 (9th Cir. 1994) ................................................................................................ 8

*Gerawan Farming, Inc. v. ALRB*,
  3 Cal.5th 1118 (2017) ................................................................................................. *passim*

*Golden Gate Rest. Ass'n v. City and Cnty. of San Francisco*,
  2007 WL 1052820 (N.D. Cal. Apr. 5, 2007) ........................................................................ 6

*Hess Collection Winery v. ALRB*,
  140 Cal.App.4th 1584 (2006) ........................................................................................... 8, 9

*Nw. Forest Res. Council v. Glickman*,
  82 F.3d 825 (9th Cir. 1996) .................................................................................................. 4

*S. Cal. Healthcare Sys., Inc. v. City of Culver City*,
  2021 WL 4817846 (C.D. Cal. July 26, 2021) ...................................................................... 6

*Sagebrush Rebellion, Inc. v. Watt*,
 713 F.2d 525 (9th Cir. 1983) ................................................................................................ 5

*San Diego Cnty. Lodging Ass'n v. City of San Diego*,
 2021 WL 1733383 (S.D. Cal. May 3, 2021) ........................................................................ 6

*Southwest Ctr. for Biological Diversity v. Berg*,
 268 F.3d 810 (9th Cir. 2001) ................................................................................................ 2

*Trbovich v. United Mine Workers*,
 404 U.S. 528 (1972) .............................................................................................................. 5

*United States v. City of Los Angeles, Cal.*,
 288 F.3d 391 (9th Cir. 2002) ................................................................................................ 4

*United States v. Oregon*,
 913 F.2d 576 (9th Cir. 1990) ................................................................................................ 4

*W. States Trucking Ass'n v. Schoorl*,
 2018 WL 5920148 (E.D. Cal. Nov. 13, 2018) ...................................................................... 6

*Wilderness Soc'y v. U.S. Forest Serv.*,
 630 F.3d 1173 (9th Cir. 2011) (en banc) .............................................................................. 4

*Winter v. Natural Resources Defense Council*,
 557 U.S. 7 (2008) .................................................................................................................. 7

*Yniguez v. Arizona*,
 939 F.2d 727 (9th Cir. 1991) ................................................................................................ 5

**Statutes**

Cal. Labor Code
 § 1164.3(f) ............................................................................................................................ 3
 § 1164.5 ................................................................................................................................ 3
 § 1164.7(a) ............................................................................................................................ 9

**Rules**

Fed. R. Civ. P.
 Rule 24(a) ..................................................................................................................... *passim*
 Rule 24(b) ......................................................................................................................... 1, 8

**Other**

Fed. R. Civ. P. 24(a)(2), Advisory Committee Note to 1966 Amendment .................................... 5

**INTRODUCTION**

The United Farm Workers of America ("UFW") seeks leave to intervene in this action as a defendant. UFW is the certified representative of a bargaining unit of employees of plaintiff Wonderful Nurseries, LLC (the "Company"). In 2002, the California Legislature amended the Agricultural Labor Relations Act ("ALRA") by adopting a mandatory mediation and conciliation ("MMC") procedure to resolve disputes about the terms of initial collective bargaining agreements. Pursuant to that statute, and at UFW's request, the Agricultural Labor Relations Board ("ALRB") recently referred UFW and the Company to MMC.

In this lawsuit, the Company claims that the MMC statute is unconstitutional and seeks injunctive relief to prevent the ALRB from enforcing the statute. The Company asserts the same constitutional claims that were unanimously rejected in *Gerawan Farming, Inc. v. ALRB*, 3 Cal.5th 1118, 1138-46 (2017) (*Gerawan*), a case in which UFW was the real party in interest.

UFW is entitled to intervene as a matter of right under Fed. R. Civ. P. 24(a)(2) to defend the MMC statute. UFW has a direct interest because UFW is the other party to the pending MMC proceeding that the Company seeks to halt, and UFW also uses MMC with other employers. The Ninth Circuit has held that a union is entitled to intervene as of right to defend a law that protects the interests of the union and its members when, as here, those interests are narrower than the interests of the government entity that administers the law. The ALRB defendants are charged with representing the interests of the public at large, not UFW's interests in this case. UFW also would suffer a different harm than the ALRB if the MMC statute were enjoined, and part of the reason for an MMC statute is the ALRB's ineffectiveness in enforcing employers' duty to bargain in good faith.

Alternatively, UFW should be granted permissive intervention under Rule 24(b)(1) because UFW has a significant interest in this action and UFW's participation would not unfairly prejudice the interests of existing parties. If the Company had waited until the conclusion of the MMC proceeding and raised its constitutional challenges in the state courts, UFW would be the real party in interest. The Company should not be permitted to bypass UFW by suing the ALRB in federal court.

The ALRB defendants do not oppose UFW's motion to intervene. The Company opposes UFW's motion.

## BACKGROUND

**1. Certification of UFW as bargaining representative**

UFW is a labor organization that represents farm workers. UFW's Proposed Answer ¶205.[1] The Company is part of a multi-billion dollar, privately held agribusiness enterprise. *Id*. ¶206. In February 2024, UFW submitted a majority support petition ("MSP") to the ALRB that was accompanied by authorization cards from a majority of Company employees in a bargaining unit. Complaint ¶44. After investigating the petition, the ALRB issued an order certifying the UFW as the bargaining unit's representative. *Id*. ¶46.

The Company does not want its farm workers to have union representation. Answer ¶207. The Company filed objections with the ALRB to the certification, and the ALRB is currently holding a hearing on the Company's objections. Complaint ¶¶48, 56. In the meanwhile, the ALRB has denied the Company's requests to stay the Company's obligation to bargain in good faith with UFW. *Id*. ¶48.

In May 2024, the Company filed a lawsuit in Kern County Superior Court against the ALRB and UFW that seeks to have the MSP statute declared unconstitutional and the certification of UFW set aside. *Id*. ¶50 n.8. A Superior Court judge granted the Company's request for a preliminary injunction, but the state Court of Appeal issued a writ of supersedeas to stay the preliminary injunction. *Id*. ¶56. The Court of Appeal is now considering whether to issue a writ of mandate to order the Superior Court to dismiss the Company's lawsuit for lack of jurisdiction because the ALRB has not yet issued a final order. *Id*. ¶¶55, 56.

**2. Referral to MMC**

Under the 2002 amendments to the ALRA, if a union and an employer have failed to reach agreement on an initial collective bargaining agreement, either party can request that the ALRB refer the parties to MMC. *See Gerawan,* 3 Cal.5th at 1133. MMC involves a mediation process before a neutral mediator. *Id.* at 1133-34. If the parties do not reach agreement on all terms through mediation, the mediator resolves the disputed terms through interest arbitration and submits a

---

[1] For purposes of a motion to intervene, the allegations in the prospective intervenor's proposed complaint or answer are taken as true. *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001).

proposed contract to the ALRB. *Id*. The ALRB, after resolving the parties' objections to the proposed contract, can then issue a final order that requires the parties to abide by the contract. *Id.* at 1134. A party can obtain judicial review of the ALRB's final MMC order, and the reviewing court may stay implementation of the contract pending such judicial review. *Id.* at 1134-35; Cal. Labor Code §§1164.3(f)(3), 1164.5.

In June 2024, UFW requested that the ALRB refer the Company and UFW to the MMC process. Complaint ¶50. The ALRB granted the request. *Id.* The MMC process was suspended because of the Superior Court's preliminary injunction but, after the Court of Appeal issued its writ of supersedeas, the MMC process resumed. *Id*. ¶¶50, 56. The ALRB appointed a mediator on November 20, 2024, and MMC is now in progress. *Id*. ¶¶58.

**3. The Company's lawsuit.**

The Company filed this federal lawsuit on December 30, 2024, against the ALRB and various ALRB officials. Complaint, pp. 1-2. The Complaint alleges that the MMC statute violates the Due Process Clause and Equal Protection Clause. Complaint ¶¶91-204. The Complaint seeks an order declaring that the ALRB violated the Company's rights by referring the Company to MMC with UFW, preliminary and permanent injunctive relief to prevent the ALRB from enforcing the MMC statute, nominal damages, and attorney's fees. Complaint, pp. 66-67.

**ARGUMENT**

**I. UFW is entitled to intervene as of right.**

Rule 24(a) governs intervention as of right and provides in relevant part:

> On timely motion, the court must permit anyone to intervene who … claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). The Ninth Circuit employs a four-part test to determine whether a proposed intervenor has a right to intervene under this rule:

> (1) the motion must be timely; (2) the applicant must claim a significantly protectable interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc). Rule 24(a) is construed "broadly in favor of proposed intervenors" to promote a liberal policy favoring intervention. *Id.* at 1179. All four requirements for intervention are satisfied here.

### A. UFW's motion is timely.

Courts consider three factors when determining whether a motion to intervene is timely: (1) the stage of the proceeding at which intervention is sought; (2) any prejudice to the existing parties; and (3) the reason for and length of any delay. *United States v. Oregon*, 913 F.2d 576, 588-89 (9th Cir. 1990). UFW's motion is timely because UFW has sought leave to intervene at the outset of the case, before the defendants have even responded to the complaint and before the Court has made any substantive rulings. *See Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (motion to intervene filed two weeks after defendants' filed answer was timely); *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996) (no parties were prejudiced by grant of motion to intervene when the court had not yet made any substantive rulings).

### B. UFW has a "significantly protectable" interest in the action

Rule 24(a)(2)'s requirement that a proposed intervenor show an "interest relating to the property or transaction" of the litigation is liberally construed. *See Cascade Natural Gas Corp. v. El Paso Natural Gas Co.*, 386 U.S. 129, 132-36 (1967). "An applicant has a 'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." *United States v. City of Los Angeles, Cal.*, 288 F.3d 391, 398 (9th Cir. 2002) (quoting *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)).

UFW has a significantly protectible interest in this action. UFW's interest in reaching contracts with employers is legally protected by the MMC statute. UFW is making use of the MMC statute with the Company, and UFW uses the MMC statute with other employers. Answer ¶¶209-211. There is a relationship between UFW's interest and this action because this action challenges the constitutionality of the MMC statute. *See Wilderness Soc'y*, 630 F.3d at 1179. The Ninth Circuit has recognized that labor unions have a "significantly protectable" interest in litigation seeking to prevent the government from enforcing laws that protect the union and its members. *See Allied*

1   *Concrete & Supply Co. v. Baker,* 904 F.3d 1053, 1067 (9th Cir. 2018) (union entitled to intervene of
2   right to defend a prevailing wage law).

### C. The disposition of this action may impair UFW's interests.

The inquiry on the third factor is whether "the district court's decision will result in *practical impairment*" of the proposed intervenor's interest. *Yniguez v. Arizona*, 939 F.2d 727, 735 (9th Cir. 1991) (emphasis in original); *see also* Fed. R. Civ. P. 24(a)(2), Advisory Committee Note to 1966 Amendment ("If an [applicant] would be substantially affected in a practical sense by the determination made in an action, [the applicant] should, as a general rule, be entitled to intervene."). UFW's interest in reaching contracts with employers will be impaired as a practical matter if the Court rules for the Company in this action because the Company seeks an order invalidating the MMC statute and preventing the ALRB from enforcing the statute. Such an order would halt the MMC involving UFW and the Company and, as a practical matter, also interfere with MMC proceedings involving UFW and other agricultural employers.

### D. The ALRB defendants may not adequately represent UFW's interests.

To satisfy the last requirement of the Rule 24(a) test—that the existing parties may not adequately represent the interests of the proposed intervenor—a proposed intervenor need not show that the existing parties *will* behave detrimentally to the applicant's interest. Rather, the inadequacy requirement "is satisfied if the applicant shows that representation of his interest *may* be inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972) (emphasis added; citations and internal quotation marks omitted). Moreover, it is not the quality of the existing parties' representation that matters, but whether the existing parties will "undoubtedly make all of the intervenor's arguments" and whether the intervenor "offers a necessary element to the proceedings that would be neglected." *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983).

The Ninth Circuit has held that labor unions are entitled to intervene of right in lawsuits filed by employers against government regulators that seek to invalidate state laws that protect the specific interest of the union and its members. The Ninth Circuit has held that the government's representation may be inadequate in such cases because the union's interests are more "narrow" and

"parochial" than government regulators' more abstract interest in defending the challenged laws. *See Allied Concrete*, 904 F.3d at 1067-68 (reversing district court decision that denied labor union leave to intervene of right to defend a prevailing wage law); *Californians for Safe and Competitive Dump Truck Transportation v. Mendonca*, 152 F.3d 1184, 1189-90 (9th Cir. 1998) (holding that labor union was entitled to intervene of right to defend a prevailing wage law). "[T]he Ninth Circuit [has been] clear that [even] where the existing state defendants and the union applicants for intervention share[] an identical ultimate goal of upholding state law, the narrower interests of intervening unions sufficiently demonstrated inadequate representation." *Barke v. Banks*, 2020 WL 2315857, at *4 (C.D. Cal. May 7, 2020).

      In light of that Ninth Circuit precedent, district courts have repeatedly ruled that labor unions are entitled to intervene of right in cases filed against government officials that are structurally identical to this one. *See, e.g., S. Cal. Healthcare Sys., Inc. v. City of Culver City*, 2021 WL 4817846, at *2 (C.D. Cal. July 26, 2021) (union permitted to intervene to defend city ordinance providing temporary wage supplement given the union's "narrow focus on its members and the City's broader concentration on advancing the public agenda"); *San Diego Cnty. Lodging Ass'n v. City of San Diego*, 2021 WL 1733383, at *4 (S.D. Cal. May 3, 2021) (union could intervene in suit challenging city ordinance that required certain hotel owners to rehire workers laid off during the COVID-19 pandemic before hiring new applicants because the union had a narrower interest in protecting its members that benefitted from the ordinance); *Barke v. Banks*, 2020 WL 2315857, at *4 (granting unions leave to intervene of right in constitutional challenge to state law enforced by Public Employee Relations Board ("PERB") because "the Unions have narrower interests than those of the PERB Defendants"); *W. States Trucking Ass'n v. Schoorl*, 2018 WL 5920148, at *3 (E.D. Cal. Nov. 13, 2018) (union had right to intervene to defend against challenge to scope of California's employment-law protections); *Air Conditioning Trade Ass'n v. Baker*, 2012 WL 3205422, at *5 (E.D. Cal. July 31, 2012) (granting labor organization right to intervene in contractors' challenge to standards for expansion of state approved apprenticeship programs based on finding that representation by existing parties was inadequate because "the state defendants have a broader interest than [the union] as the proposed intervenor"); *Golden Gate Rest. Ass'n v. City and Cnty. of*

*San Francisco*, 2007 WL 1052820, at *4 (N.D. Cal. Apr. 5, 2007) ("[T]he Unions' members here have a personal interest in the enforcement of the Ordinance," while "the Defendant City and County of San Francisco represents the public generally, including businesses and employers who may claim to be harmed by the passage of the Ordinance."); *see also Associated Builders & Contractors of S. Cal., Inc. v. Nunn*, 356 F.3d 979, 983-84 (9th Cir. 2004) (noting that union was permitted to intervene to defend state law establishing minimum wage scale for state-registered apprentices against preemption challenge); *Alameda Newspapers, Inc. v. City of Oakland*, 95 F.3d 1406, 1411-12 & n.8 (9th Cir. 1996) (newspaper guild entitled to intervene to defend city's boycott of newspaper against preemption claim).

Not only is this line of authority directly on point, but there are also especially compelling reasons why the ALRB defendants—who are charged with representing the interests of the general public—may not adequately represent UFW's interests here.

First, the Company intends to seek a preliminary injunction against enforcement of the MMC statute. Complaint, p. 67. "A preliminary injunction is an extraordinary remedy never awarded as of right" and, "[i]n each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council*, 557 U.S. 7, 376 (2008) (citations, internal quotation marks omitted). Here, UFW is the party in the middle of an MMC proceeding with the Company, and UFW and the workers UFW represents would suffer severe, immediate, and irreparable harm from a preliminary injunction. Absent MMC, the Company will never agree to a reasonable contract that improves farm workers' wages and benefits, gives them protections from arbitrary treatment, and provides a grievance process. Answer ¶¶210-11. If the MMC process is delayed, the bargaining unit workers will never be made whole, and they will get the message that, notwithstanding the laws adopted by the California Legislature, collective action is a hopeless endeavor. *Id.* UFW will be unable to assert the harm to UFW and its bargaining unit workers as a reason for denying a preliminary injunction if UFW is denied leave to participate as a party. The ALRB defendants would not suffer the same harm.

Second, part of the reason the Legislature adopted the MMC statute is that the ALRB has historically been completely ineffective in enforcing employers' legal duty to bargain in good faith

with certified unions. Answer ¶212. Prior to MMC, in most cases in which agricultural workers chose unionization, they were never able to obtain initial collective bargaining agreements. *Gerawan*, 3 Cal.5th at 1132; *see also Hess Collection Winery v. ALRB*, 140 Cal.App.4th 1584, 1600-01 (2006) (rejecting constitutional challenge to MMC and explaining that "[o]ur Legislature has determined that the ALRA has not been fulfilling its purpose"). As officials of a neutral government agency charged with enforcing the ALRA, the ALRB defendants will not necessarily make the same arguments as UFW about the ineffectiveness of the ALRB in protecting farm workers or about the egregious employer misconduct that makes the MMC statute so vital. *See, e.g., Barke,* 2020 WL 2315857, at *4 ("It cannot be stated that the PERB Defendants will undoubtedly make all of the Unions' arguments.") (cleaned up); *see also Baker*, 2012 WL 3205422, at *5 (unions granted leave to intervene where the defendant government entity was a "neutral decisionmaker" that might not adequately represent the "partisan" union's interests).

That being so, UFW meets all four criteria for intervention of right.

## II. Alternatively, UFW should be granted permissive intervention.

In the alternative, UFW should be permitted to intervene pursuant to Rule 24(b), which authorizes permissive intervention where an applicant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). As a matter of fairness, UFW should be able to defend the MMC statute from a challenge by the other party to the pending MMC proceeding, and UFW's intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The Ninth Circuit has previously allowed a labor union to intervene pursuant to Rule 24(b) to defend a state workers' compensation law because the union had an interest in the case, "added no claims or issues to those already in the case, and did not complicate or delay resolution beyond the need of plaintiffs to respond to additional briefing." *Emp. Staffing Servs., Inc. v. Aubry*, 20 F.3d 1038, 1042 (9th Cir. 1994).

Permissive intervention requires (1) an independent ground for jurisdiction, (2) a timely motion, and (3) a common question of law and fact between the movant's claim or defense and the main action. *Callahan v. Brookdale Senior Living Communities, Inc.*, 42 F.4th 1013, 1022 (9th Cir. 2022). All those requirements are satisfied here. The Ninth Circuit has also identified a variety of

other factors that courts may consider when deciding whether to permit intervention, including

> the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case. The court may also consider whether … the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

*Callahan*, 42 F.4th at 1022 (quoting *Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977)).  These factors also favor permissive intervention.

Under California law, UFW would be entitled to participate as a party if the Company waited until issuance of a final MMC order and raised its constitutional challenges to MMC in state court. *See* Cal. Labor Code §1164.7(a) ("each party to the action or proceeding before the mediator may appear in the review proceeding").  Thus, the union was the real party in interest in the previous due process and equal protection challenges to MMC that were rejected in *Hess Collection Winery,* 140 Cal.App.4th 1584 and *Gerawan*, 3 Cal.5th 1118.  The Company should not be able to bypass UFW's defense of the MMC statute by filing suit in federal court and opposing UFW's intervention.

## CONCLUSION

For the foregoing reasons, the Court should grant UFW's motion for leave to intervene.

DATED:  January 22, 2025                    Respectfully submitted,

> Scott A. Kronland
> Corinne F. Johnson
> Jonathan Rosenthal
> ALTSHULER BERZON LLP
>
> Mario Martínez
> Edgar Iván Aguilasocho
> MARTÍNEZ AGUILASOCHO LAW, INC.
>
> By: */s/ Scott A. Kronland*
>          Scott A. Kronland
>
> *Attorneys for Proposed Intervenor*
> *United Farm Workers of America*