Scott A. Kronland (SBN 171693)
Corinne F. Johnson (SBN 287385)
Jonathan Rosenthal (SBN 329638)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel. (415) 421-7151
Fax (415) 362-8064
skronland@altber.com
cjohnson@altber.com
jrosenthal@altber.com

Mario Martínez (SBN 200721)
Edgar Iván Aguilasocho (SBN 285567)
MARTÍNEZ AGUILASOCHO LAW, INC.
900 Truxtun Ave, Suite 300
Bakersfield, CA 93301
Tel. (661) 859-1174
Fax (661) 840-6154
mmartinez@farmworkerlaw.com
eaguilasocho@farmworkerlaw.com

*Attorneys for Proposed Intervenor
United Farm Workers of America*

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| WONDERFUL NURSERIES LLC,<br><br>   Plaintiff,<br><br> v.<br><br>AGRICULTURAL LABOR RELATIONS BOARD, et al.,<br><br>   Defendants;<br><br>UNITED FARM WORKERS OF AMERICA,<br><br>   [Proposed] Intervenor-Defendant. | Case No. 1:24-cv-01601-KES-CDB<br><br>**UNITED FARM WORKERS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE**<br><br>Date:  March 3, 2025<br>Time:  1:30 pm<br>Place: Courtroom 6, 7th floor<br>Judge: Hon. Kirk E. Sherriff<br><br>Action Filed:  December 30, 2024<br>Trial Date:    None |

**I. UFW is entitled to intervene as of right.**

The Company does not dispute that UFW meets three of four intervention-of-right elements. The Company argues only that the ALRB will adequately represent UFW's interest in defending the MMC statute. Opp. at 4 (Doc. 15). But, as stated in UFW's motion, "the Ninth Circuit [has been] clear that [even] where the existing state defendants and the union applicants for intervention share[] an identical ultimate goal of upholding state law, the narrower interests of intervening unions sufficiently demonstrate[s] inadequate representation." UFW Mem. at 6 (Doc. 11-1) (quoting *Barke v. Banks*, 2020 WL 2315857, at *4 (C.D. Cal. May 7, 2020)). UFW's motion to intervene cites two published Ninth Circuit decisions and eight subsequent district court decisions holding that unions are entitled to intervene of right to defend against employer challenges to worker-protective laws that directly benefit the union and its bargaining unit workers, because government officials may not adequately represent the union's narrower and more specific interests. UFW Mem. at 6-7 (Doc. 11-1).

The Company does not cite any decisions denying unions leave to intervene in this context. The case relied upon by the Company for the proposition that "there is no blanket entitlement in the Ninth Circuit for intervention by unions," Opp. at 7, did not involve a union that sought leave to intervene to defend an employer challenge to a worker-protective law that applied to the union's members. In that case, *Prete v. Bradbury*, 438 F.3d 949 (9th Cir. 2006), the union sought leave to intervene on the ground that the union was the sponsor of an initiative about signature-gathering for political elections. The union had no more interest in the law itself than the public.

The Company argues that this case is unique because the ALRB, unlike California's Department of Industrial Relations, Labor Commissioner, and Public Employee Relations Board, is charged with protecting workers' rights. Opp. at 6-7. The Company confuses the goal of the ALRA with the role of government officials. The ALRB defendants take the same oath as other state officials to "bear true faith and allegiance to the Constitution of the United States and the Constitution of the State of California"—not to unions or workers. Cal. Const., art. XX §3; Cal. Gov. Code §1360. The ALRB is charged with adjudicating unfair labor practice charges filed *against* labor unions like UFW as well as acting as a neutral decisionmaker in adjudicating charges against employers. *See* Cal. Labor Code §1141(a), §1153 *et seq.*, §§1160-1160.9. Moreover, the ALRA protects both pro- and

1   anti-union workers.  The Company alleges in its Complaint that MMC statute violates workers' rights.
2   *See, e.g.,* Complaint ¶¶100-101.

3         The Company posits that government attorneys can be expected to competently defend state
4   laws.  Opp. at 8.  But that also was true in all the cases cited in UFW's motion that held that unions
5   were entitled to intervene in lawsuits filed against government defendants.  The relevant issue is not
6   the quality of lawyering but whether the government defendants have identical interests to the union.
7   Indeed, in *Allied Concrete & Supply Co. v. Baker*, 904 F.3d 1053 (9th Cir. 2018), the government
8   defendant appealed an adverse district court decision and *prevailed* in the Ninth Circuit in defending
9   the challenged statute.  But the Ninth Circuit still held that the district court had erred in denying the
10  union's motion for leave to intervene of right to defend the law and that the issue was not moot
11  because the plaintiff might seek rehearing or petition for certiorari.  *Id.* at 1066-68.

12        Those dispositive points aside, the Company does not meaningfully respond to UFW's
13  argument that the ALRB defendants cannot adequately represent UFW's interest in opposing a
14  preliminary injunction because the government agency would not suffer the same harm as the workers
15  who would be deprived of a contract and as UFW, which could lose the support of the workers who
16  chose union representation.  UFW Mem. at 7.  According to the Company, that might be a good
17  argument for intervention "by the workers themselves."  Opp. at 6 n.2.  But UFW is the certified
18  representative of those bargaining unit workers and, therefore, has a right to intervene on their behalf.
19  The Company also does not meaningfully respond to UFW's point that the ALRB may not be as
20  willing as UFW to criticize the ALRB's own failure to enforce employers' duty to bargain.  UFW
21  Mem. at 7-8; *see* Opp. at 8 n. 7 (simply asserting that the ALRB "has every incentive" to defend the
22  ALRA).

23        For all these reasons, the Company's arguments are makeweights that are contrary to
24  controlling precedent.  The Court should grant UFW leave to intervene of right.

25        **II.  Alternatively, UFW should be granted permissive intervention.**

26        The Company's argument against permissive intervention is just a repeat of its argument that
27  the ALRB will protect UFW's interests.  Opp. at 9.  Because intervention must be sought at the outset
28  of a case, it is impossible to know if that will be true and, therefore, the permissive intervention

factors tip overwhelmingly in favor of intervention.  *Cf. Prete*, 438 F.3d at 958 n.13 (recognizing that the district court had discretion to permit intervention even if the proposed intervenor was not entitled to intervene of right).  Contrary to the Company's contention, UFW's intervention would not complicate adjudication of the Company's lawsuit.  UFW does not seek to add additional claims.[1]

UFW's intervention would, however, ensure the full participation of the real party in interest.  The Company does not dispute that:  UFW sits on the other side of the table from the Company during the challenged MMC proceeding; UFW and its bargaining unit would be directly harmed by the relief the Company seeks; and UFW would be a party to the state court proceedings if the Company followed normal procedures by waiting for a final ALRB order and, if aggrieved by that final order, raising all its claims at once on a petition for review to the state court of appeal.  UFW Mem. at 9.  As such, even if UFW were not entitled to intervene of right (which it is), the Court should exercise its discretion to allow permissive intervention.

## CONCLUSION

For the foregoing reasons, the Court should grant UFW's motion for leave to intervene.

DATED:  February 6, 2025

Respectfully submitted,

Scott A. Kronland
Corinne F. Johnson
Jonathan Rosenthal
ALTSHULER BERZON LLP

Mario Martínez
Edgar Iván Aguilasocho
MARTÍNEZ AGUILASOCHO LAW, INC.

By: */s/ Scott A. Kronland*
       Scott A. Kronland

*Attorneys for Proposed Intervenor*
*United Farm Workers of America*

---

[1] The Company's argument that UFW's participation in state court proceedings "required Wonderful to expend additional time and resources … and … burdened the … courts," Opp. at 3, is a red herring because UFW is the real party in interest in the state court proceedings, not an optional participant.  UFW and the ALRB also stipulated that the Company could file consolidated briefs in the state court of appeal.  That the Company must respond to distinct arguments made by UFW in the state proceedings supports UFW's intervention here.

REPLY ISO MOTION TO INTERVENE, #1:24-cv-01601-KES-CDB                              3