1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
2    Including Professional Corporations
   DAVID A. SCHWARZ, Cal Bar No. 159376
3  dschwarz@sheppardmullin.com
   BARBARA E. TAYLOR, Cal Bar No. 166374
4  btaylor@sheppardmullin.com
   KRISTA L. LANDIS, Cal. Bar No. 348262
5  klandis@sheppardmullin.com
   1901 Avenue of the Stars, Suite 1600
6  Los Angeles, California 90067-6055
   Telephone:    310.228.3700
7  Facsimile:    310.228.3701

8  BARSAMIAN & MOODY
    A Professional Corporation
9  RONALD H. BARSAMIAN, Cal Bar No. 81531
   ronbarsamian@aol.com
10 1141 West Shaw Avenue, Suite 104
   Fresno, California 93711
11 Telephone:    559.248.2360
   Facsimile:    559.248.2370

12
   ROLL LAW GROUP P.C.
13 KRISTINA M. DIAZ, Cal Bar No. 151566
   Kristina.Diaz@Roll.com
14 11444 W. Olympic Boulevard
   Los Angeles, California 90064
15 Telephone:    310.966.8400
   Facsimile:    310.966.8810

16
   Attorneys for Wonderful Nurseries LLC
17
                    U.S. DISTRICT COURT
18
        FOR THE EASTERN DISTRICT OF CALIFORNIA
19

20 WONDERFUL NURSERIES LLC,          Case No. 1:24-cv-01601-KES-CDB

21        Plaintiff,                 **PLAINTIFF'S OPPOSITION TO**
                                     **PROPOSED INTERVENOR UNITED**
22        v.                         **FARM WORKERS' ADMINISTRATIVE**
                                     **MOTION FOR LEAVE TO FILE**
   AGRICULTURAL LABOR RELATIONS      **OPPOSITION TO MOTION FOR**
23 BOARD, et al.,                    **PRELIMINARY INJUNCTION**

24        Defendants.                *[Declaration of David A. Schwarz filed*
                                     *concurrently]*
25

26
                                     Complaint Filed: December 30, 2024
27                                   Trial Date:      Not Set

28

Plaintiff Wonderful Nurseries LLC ("Wonderful") opposes the motion for administrative relief filed by Proposed Intervenor United Farm Workers ("UFW"), in which the UFW seeks leave to file an opposition to Wonderful's motion for preliminary injunction before the UFW's motion to intervene is heard.  The UFW's motion should be denied for the following reasons.

First, the UFW is misusing the procedure made available by Local Rule 233, which is intended to address essentially housekeeping matters, i.e., scheduling, and not to grant a non-party standing to file an opposition to a substantive motion by a party.  Local Rule 233 provides:

> Miscellaneous administrative matters which require a Court order may be brought to the Court's attention through a motion for administrative relief. Examples of matters that such motions may address include motions to exceed applicable page limitations; requests to shorten time on a motion; requests to extend a response deadline; requests to alter a briefing schedule; or requests to alter a discovery schedule that does not affect dispositive motion filing dates, trial dates, or the final pre-trial conference.

Local Rule 233 references the Federal Rules of Civil Procedure, Rule 6 (computing time and time for filing and serving motion papers), Rule 16 (pretrial conferences and scheduling orders), and Rule 78 (schedule for oral hearings).  These rules do not contemplate the substantive relief sought by the UFW.

Second, the UFW could have avoided further burdening this Court by simply filing its motion to intervene earlier, so that it could have been heard before Wonderful's motion for preliminary injunction was filed, or at least before any opposition to Wonderful's motion was due. Alternatively, the UFW could have filed a motion for administrative relief to "shorten time" on its motion to intervene—which is a proper use of Local Rule 233.  But the UFW was dilatory and chose neither course, apparently banking on its prediction that its motion to intervene would be granted and that it would therefore be excused from following the rules.

The UFW was indisputably aware that Wonderful intended to seek a preliminary injunction well before it filed its motion to intervene.  Indeed, the UFW's motion to intervene expressly states that Wonderful "intends to seek a preliminary injunction." *Id.* [p. 7:13-14].  ECF Doc. No. 22 [p. 2:23-25].  As the timeline reflects, the UFW has no excuse for waiting until the eleventh hour—the day opposition to Wonderful's preliminary injunction motion is due— to make a motion that is not only unnecessary, but improper:

Case No. 1:24-cv-01601-KES-CDB

PLAINTIFF'S OPPOSITION TO PROPOSED INTERVENOR
UNITED FARM WORKERS' ADMINISTRATIVE MOTION

- In its complaint filed on December 30, 2024, Wonderful expressly alleged that it sought preliminary injunctive relief. ECF Doc. No. 1 [p. 67, ¶2].

- On January 6, counsel for Defendants and Wonderful first discussed Wonderful's intent to move for a preliminary injunction. ECF Doc. No. 22 [p. 2:23-25].

- On January 9, counsel discussed the UFW's intent to move to intervene. ECF Doc. No. 11 [p. 1:21-22].

- On January 13, the UFW's counsel informed Wonderful's counsel that the UFW intended to move to intervene, expressly referring to the harm it claimed it would suffer should an injunction issue. *See* Declaration of David A. Schwarz ("Schwarz Decl."), ¶2 & Exh. A.

- The UFW waited until January 22 to file its motion to intervene. ECF Doc. No. 11.

- The UFW was copied on email communications between respective counsel for Wonderful and Defendants occurring from January 31–February 4 regarding the timing of Wonderful's preliminary injunction motion, which was filed on February 10. *See* Schwarz Decl., ¶3 & Exh. B.

- On February 20, the UFW's counsel advised Wonderful's counsel that the UFW intended to file a motion for administrative relief seeking leave to file an opposition to Wonderful's preliminary injunction motion (Schwarz Decl., ¶4 & Exh. C), and then waited until the end of the day on February 24—over a month after filing its motion to intervene—to file it. ECF Doc. No. 28.

Under the circumstances, the UFW's motion should be denied.[1]

---

[1] In the alternative, the UFW asks, in the event this Court denies its motion to intervene, for this Court to allow it to file its proposed opposition brief as an *amicus curiae*. ECF Doc. No. 28 [pp. 1:24-2:4]. Since the UFW did not ask for this alternative relief in its motion to intervene, it should not be allowed to misuse Local Rule 233 to seek it now. If, on the other hand, it wishes to move for leave to file an amicus brief, it should do so in compliance with the requirements of this District's Local Rules.

1  Dated:  February 25, 2025                Respectfully submitted,

2                                           SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3

4                                           By        /s/ David A. Schwarz

5                                                    DAVID A. SCHWARZ
                                                 Attorneys for Wonderful Nurseries LLC

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>PROOF OF SERVICE</u>

2

<u>STATE OF CALIFORNIA, COUNTY OF LOS ANGELES</u>

3

      At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Los Angeles, State of .  My business address is 350 South Grand

4

Avenue, 40th Floor, Los Angeles, CA 90071-3460.

5

      On February 25, 2025, I served true copies of the following document(s) described as **PLAINTIFF'S OPPOSITION TO PROPOSED INTERVENOR UNITED FARM**

6

**WORKERS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

7

8

      **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case

9

who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

10

11

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

12

13

      Executed on February 25, 2025, at Los Angeles, California.

14

15

_____

Angie Sotelo

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:4904-0798-2111.2