1 | JAMES R. HARVEY, Esq.
State Bar No. 273790
2 | Clifford & Brown, P.C.
1430 Truxtun Avenue
3 | Bakersfield, California  93301
(661) 322-6023
4 | Facsimile — (661) 322-3508
E-Mail — jharvey@clifford-brownlaw.com
5 |
6 | W. JAMES YOUNG, Esq.
*Pro Hac Vice*
7 | c/o National Right to Work Legal
          Defense Foundation, Inc.
8 | 8001 Braddock Road, Suite 600
Springfield, Virginia  22160
9 | (703) 321-8510
Facsimile — (703) 321-9319
10 | E-Mail — wjy@nrtw.org

ATTORNEYS FOR PLAINTIFFS-INTERVENORS

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

WONDERFUL NURSERIES LLC,

     Plaintiff,

CLAUDIA CHAVEZ ET AL.,

     Plaintiffs-Intervenors,

v.

AGRICULTURAL LABOR RELATIONS BOARD *ET AL.*,

     Defendants,

UNITED FARM WORKERS OF AMERICA,

     Defendant-Intervenor.

CASE NO. 1:24-cv-01601-KES-CDB

**PLAINTIFFS-INTERVENORS CLAUDIA CHAVEZ *ET AL.*'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

**Hearing Date:** None/TBD
**Time:** None/TBD
**Location:** Courtroom 6, 7th Floor

COME NOW Plaintiffs-Intervenors Claudia Chavez *et al.* ("the Employees"), by their undersigned counsel, and respectfully OPPOSE Defendants' Motion to Dismiss (ECF No. 41), as follows:[1]

---

[1] When granting (in part) intervention, ECF No. 46, the Court allowed the Employees "fourteen (14) days from the entry of this Order to respond ... to the pending motion to dismiss (Doc. 41) filed by the ALRB." *Id.* at 15.

**I.    INTRODUCTION**

At this point in the proceedings, the Employees have little to add to the argument already competently and persuasively made by Wonderful Nurseries LLC ("Wonderful") opposing Defendants' Motion (ECF No. 43) except briefly to elaborate upon and supplement those arguments from their own perspective.  Moreover, the Employees adopt herein by reference the arguments made by Wonderful in its Opposition to Defendants' Motion to Dismiss.  ECF No. 43.

**II.    ARGUMENT**

**A.    Wonderful Maintains Standing to Pursue Its Suit.**

States and the labor unions frequently seek to avoid judicial accountability for their actions with elaborate machinations designed to defeat Federal jurisdiction after being hailed into court.  As a result, the Supreme Court has frequently had occasion to address such arguments.  *See*, *e.g.*, *Janus v. AFSCME District Council 33*, 585 U.S. 878, 889-90 (2018) (original lawsuit by Governor dismissed; employee subject to allegedly unconstitutional requirements had standing to proceed); *Knox v. Service Employees International Union Local 1000*, 567 U.S. 298, 307-08 (2012) (detailing rejected union efforts to moot case post-*certiorari*); *Ellis v. Railway Clerks*, 466 U.S. 435, 442 (1984) (claim for "undeniably minute" interest accruing upon unconstitutionally-seized fees refunded after suit was filed sufficient to sustain standing and defeat mootness), citing *Powell v. McCormack*, 395 U.S. 486, 496-98 (1969).  And while neither Defendants nor Defendant-Intervenor United Farm Workers of America ("UFW") have engaged in such machinations here, the lesson remains the same: a case cannot be dismissed for mootness and/or lack of standing where the plaintiff maintains even an "undeniably minute" financial interest in the outcome of the litigation.

Wonderful undeniably maintains its economic "injury in fact" here, with its claim for recovery of the fees expended (one-half the costs of the MMC mediator), which doubtless satisfies these standards.  *See* ECF No. 1 ("Compl."),¶¶ 50-51, 58, 168-172.  The argument that Wonderful's suit should be dismissed fails in light of the authorities cited above.  There is no "union exception" to normal principles of standing and justiciability.  *But see* ECF No. 41 at 26 ("Wonderful's complaint invites this Court to retreat from nearly a century of well-established labor law").  Like the Supreme Court's repeated rejection of challenges to an employee's standing to challenge forced-unionism

schemes under various labor statutes, Wonderful's efforts to defeat a forced arbitration scheme survive

challenge here.

### B.    The Employees Possess Independent Claims Not Addressed in the Motion.

In addition to the six separate substantive causes of action raised by Wonderful, ECF No. 1 at

37-66, ¶¶ 91-204,[2] the Employees' Complaint in Intervention raises separate claims possessed by the

Employees challenging: (1) the prospect of a state-imposed forced unionism clause, ECF No. 48 at 25-

26, ¶¶ 68-71; and (2) exclusion from the mandatory mediation and conciliation process affecting their

terms and conditions of employment.  *Id.* at 29-30, ¶¶ 81-85.  These are claims not even addressed in

Defendants' Motion to Dismiss (ECF No. 41, filed 8 April 2025, respectively), as they were raised in

the Employees' Complaint in Intervention filed on 19 May 2025, well after Defendants' Motion was

filed.[3]  Events have thus passed by Defendants' pending Motion to Dismiss, rendering dismissal of this

action inappropriate at this time.

////

////

////

////

////

////

////

////

////

////

////

////

---

[2]  The Employees join only in Wonderful's Third Cause of Action.  *Compare* ECF No. 1 at , ¶¶ 126-142, with ECF No. 48 at 26-29, ¶¶ 72-80.

[3]  This is not to criticized Defendants, who — while the Employees' Motion to Intervene, ECF No. 13, was pending before the Court — filed their Motion to Dismiss before intervention was granted.  ECF No. 46 (issued 13 May 2025).

**III.     CONCLUSION**

For the foregoing reasons, and those stated in Wonderful's Opposition, ECF No. 43, the Employees submit that Defendants' Motion to Dismiss should be DENIED in its entirety.

DATED: 27 May 2025

Respectfully submitted,

/s/ James R. Harvey

JAMES R. HARVEY, Esq.
State Bar No. 273790
Clifford & Brown, P.C.
1430 Truxtun Avenue
Bakersfield, California  93301
(661) 322-6023
Facsimile — (661) 322-3508
E-Mail — jharvey@clifford-brownlaw.com

/s/ W. James Young

W. JAMES YOUNG, Esq.
*Pro Hac Vice*
c/o National Right to Work Legal
        Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia  22160
(703) 321-8510
E-Mail — wjy@nrtw.org

ATTORNEYS FOR PLAINTIFFS-INTERVENORS

F:\SanDiskSecureAccessV2.0\Chavez.ALRB\Federal Lawsuit - Wonderful\ALRB Dismiss\Intervenors' Opposition.wpd
Tuesday, 27 May  2025,  8:44:47 AM

1

**CERTIFICATE OF SERVICE**

2   I, W. James Young, counsel for Plaintiffs-Intervenors, hereby certify that I electronically filed

3 with the Clerk of Court the foregoing **PLAINTIFFS-INTERVENORS CLAUDIA CHAVEZ ET AL.'S**

4 **OPPOSITION TO DEFENDANTS' MOTION TO DISMISS,** using the CM/ECF system which will send

5 notification of such filing to Defendants' Counsel and all other Counsel of Record, this 27th day of

6 May, 2025.

7

8                 /s/ W. James Young

9                   W. JAMES YOUNG

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28